## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

    vs.

**BRIAN OSMIE**, aka T.K. Umulap,
DOB: 07/23/1987 or 09/03/1987 or
09/23/1987

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0374-21**
GPD REPORT NOS. 21-18087/21-18089

DECISION AND ORDER
RE. AMENDED PEOPLE'S MOTION
TO REVOKE DEFENDANT'S
PROBATION AND IMPOSE JAIL
SENTENCE

## **INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon on November 5, 2024, for a Revocation Hearing on the People of Guam's ("the People") Amended Motion to Revoke Defendant Brian Osmie's ("Defendant" or "Defendant Osmie") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by Assistant Public Defender Renita M. Taimanao-Munoz, and Assistant Attorney General Charles B. Carsey represents the People. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.

//

# PROCEDURAL AND FACTUAL BACKGROUND

**A. Defendant's Change of Plea and his violations thereafter.**

On September 14, 2021, Defendant Osmie executed a plea agreement wherein he agreed to plead guilty to the First Charge of Burglary (As a Second Degree Felony). On the same day of September 14, 2021, at a Pre-Trial Conference, the Defendant changed his plea from not guilty to guilty before this Court. The Court entered his plea of guilty and sentenced the Defendant to five (5) years incarceration at the Department of Corrections ("DOC"), Mangilao, all suspended with credit for time served. Further, the Court sentenced the Defendant to two (2) years of supervised probation. Among standard provisions prescribed by this Court, the following provisions were included Defendant's sentencing: (1) stay away orders from the named victims in this matter, (2) reporting to the Client Services and Family Counseling Division ("CSFC") for intake and assessment, (3) mandatory monthly reporting to the Probation Services Division ("Probation") Office, (4) a fine of one hundred dollars ($100.00) and court costs of eighty dollars ($80.00), and (5) two hundred (200) hours of community service.

Nearly seven (7) months following the Defendant's Change of Plea, Probation lodged a First Violation Report against the Defendant on April 7, 2022. Probation indicated the following: (1) the Defendant failed to report to Probation monthly, as he last reported on December 3, 2021, (2) the Defendant failed to report to CSFC for intake and assessment, and (3) he failed to make progress on his total court fines of one hundred eighty dollars ($180.00) and two hundred (200) hours of community service. *See* 1st Vio. Rpt. (Apr. 7, 2022). The Court issued a Warrant of Arrest for the Defendant on April 20, 2022, which was subsequently returned on May 26, 2022.

At Defendant's Return of Warrant hearing on June 14, 2022, the Court admonished the Defendant for his failure to comply with his probationary conditions. *See Min. Entry* (Jun. 14, 2022). The Defendant reasoned that his absconsion was due to a lack of transportation. *Id.*

Because the Defendant was being held in other cases, the Court sanctioned the Defendant through remand until June 23, 2022, whereby the Defendant would receive satisfaction of his one-hundred-dollar ($100.00) fine. *Id.* The Court ordered the Defendant to report to Probation upon his release from DOC. *Id.*

Eight months following the Return of Warrant hearing, Probation lodged a Second Violation Report against the Defendant on February 20, 2023. Similar to the prior violation, Probation indicated the following: (1) the Defendant failed to report to Probation as ordered, last reporting on October 21, 2022, (2) the Defendant failed to report to CSFC, and (3) the Defendant failed to make progress on his court costs and community service hours. *See* 2nd Vio. Rpt. (Feb. 20, 2023). The Court issued a Warrant of Arrest for Defendant on March 13, 2023, and it was subsequently returned four (4) days later on March 17, 2023.

The Court held a Return of Warrant hearing on March 20, 2023. The Court admonished the Defendant for his lack of compliance with court orders, further indicating that a fine could be levied for missing his appointment with CSFC. *See Min. Entry* (Mar. 20, 2023). The Defendant indicated to the Court that he does not have a phone and further indicated that he began to do community service work at the Dededo Mayor's Office. *Id.* However, he was subsequently terminated from further work. *Id.* The Court instructed the Defendant to submit any hours to receive credit and to report to CSFC for his appointment lest he risk a fine for his failure to appear. *Id.* The Court sanctioned the Defendant for a remand of ten (10) days, holding the remainder of the ten (10) days in abeyance pending any new violations. *Id.* The Court instructed the Defendant to report to Probation the next day upon his release from DOC. *Id.*

Nearly three (3) months following the Return of Warrant hearing, Probation lodged a Third Violation Report against the Defendant on June 14, 2023. Similarly to the prior violations,

Probation indicated the following: (1) the Defendant failed to report to Probation as ordered, last reporting on April 17, 2023, (2) the Defendant failed to report to CSFC on May 18, 2023, and (3) the Defendant failed to make progress on his court costs and community service hours. *See* 3rd Vio. Rpt. (Jun. 14, 2023). The Court issued its Warrant of Arrest for the Defendant on July 5, 2023. The Warrant of Arrest returned on December 1, 2023. The Court held a Return of Warrant hearing on December 5, 2023.[1] At the hearing, the Court noted Defendant's lack of compliance with his conditions and would set a Revocation Hearing in this matter pending the filing of a motion by the People. *See Min. Entry* (Dec. 5, 2023). Probation further indicated that the Defendant failed to submit documents certifying his community hours and failed to report to his appointment with CSFCS as court ordered. *Id.*

On March 21, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence, and subsequently filed their Amended Motion on March 22, 2024. Defendant Osmie filed his Opposition to the People's Motion on August 7, 2024. The Court held a Revocation Hearing on the People's Motion on November 5, 2024.

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

---

[1] The Court is also assigned to Defendant's related case in CF0485-22 in its pre-trial phase. Probation lodged a violation report in that matter, reporting that the Defendant failed to report to Probation three (3) time a week by phone. *See* 1st Vio. Rpt. in CF0485-22 (Jun. 10, 2023). The Court would revoke the Defendant's pre-trial release while contemporaneously remanding the Defendant in CF0374-21.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

## A. The Court determines that a violation of probation has occurred.

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred. Probation has filed three violation reports against the Defendant, all reporting the same failure of compliance: (1) regularly reporting to Probation as ordered, (2) reporting to CSFC for intake and assessment, and (3) making progress toward paying court costs and toward his community service hours. For these reasons, the Court determines that the first *Camacho* prong is satisfied.

**B. The Court determines that revocation of probation is warranted.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). Upon review of the record, the Court finds a history of Defendant's non-compliance with the conditions set by this Court and pursuant to the Plea Agreement he has agreed to follow. Since entering probation, the Defendant has consistently failed to report to Probation, causing this Court to issue warrants for his arrest to return him to compliance. The Defendant has not made any progress toward completing his community service hours nor has he made progress on paying his court costs. The Court also weighs Defendant's non-compliance with reporting to CSFC for intake and processing. The Defendant has not availed himself the opportunity to receive appropriate counseling services to aid in Defendant's progress toward rehabilitation, despite this Court's admonitions. For the above reasons, the Court determines that the second *Camacho* prong is satisfied, and revocation is warranted in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. The Court shall issue a Judgment of Revocation on separate cover.

SO ORDERED this 24th day of January, 2025.

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, POSC_

Date: 1/24/25 Time: 5:30 p

Antonio

Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam